UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, | ) |
|   Plaintiff, | ) |
| v. | )  13-CV-3012 |
| VERNON DEWITT, et al. | ) |
|   Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

On January 26, 2015, the Court granted summary judgment to all the defendants except for Defendant DeWitt. The Court assumes familiarity with that order. The Court then appointed pro bono counsel for Plaintiff to explore the possibility of appealing the Court's determination that Defendants Saathoff and Dewitt were entitled to qualified immunity and to continue to represent Plaintiff in this case. Plaintiff has chosen not to appeal the Court's qualified immunity ruling. Instead, Plaintiff has submitted a motion for leave to file an amended complaint.

Plaintiff's proposed amended complaint names only Correctional Officer Dewitt as a defendant. Plaintiff alleges in the

amended complaint that Dewitt wrote a false disciplinary ticket on February 13, 2012 against Plaintiff in retaliation for Plaintiff's oral complaint about Dewitt's behavior to Dewitt's supervisor, Lt. Ketcherside.  Dewitt had allegedly been vocal to Plaintiff about Dewitt's dislike of the prison job system, which Dewitt allegedly said allowed inmates like Plaintiff to "do too much."  (Amended Compl. para. 10.)  Plaintiff allegedly felt threatened and reported Dewitt's behavior to Lt. Ketcherside.  Lt. Ketcherside allegedly asked Defendant Dewitt to stop this behavior, whereupon Defendant Dewitt allegedly promised Plaintiff that Dewitt would "get" Plaintiff. (Amended Compl. para. 17.)  Defendant Dewitt then allegedly wrote a false disciplinary report accusing Plaintiff of disobeying a direct order and insolence.  (Amended Comp. paras. 18-19.).  The report caused Plaintiff to be placed in segregation and to lose his prison job.  (Amended Compl. para. 20.)

Defendant objects to the amended complaint on the grounds that the claim is barred by the statute of limitations and does not relate back to the filing of the complaint.  However, Plaintiff's pro se deposition, taken on May 29, 2014 (four months in advance of Defendant's calculated deadline), gave clear notice of this claim.

(Pl.'s Dep. pp. 10-24.)  Additionally, the Court disagrees with Defendant that this claim does not relate back under Fed. R. Civ. P. 15(c)(1)(B).  Taking a broad view, Plaintiff's claim about the false disciplinary report arose out of the same general "transaction or occurrence" set out in Plaintiff's original complaint:  Defendant Dewitt's alleged manipulation of prison procedures to retaliate against Plaintiff.  Defendants' argument requires parsing the facts too finely.  Further, Dewitt admits that allowing this claim to proceed causes him no prejudice.  He needs no more discovery on the claim because the facts are undisputed for summary judgment purposes.  (d/e 63, p. 2.)  In sum, the claim is timely and its addition causes no undue prejudice or surprise to Defendant.

Whether the claim survives summary judgment is a different question.  Defendant concedes that Plaintiff has a First Amendment protected right to report staff misconduct to other prison officials.  Defendant also concedes that Plaintiff's version of events, if true, allows an inference of retaliatory motive.  (Defendant denies Plaintiff's accusations, but the Court must accept Plaintiff's version at the summary judgment stage.)

However, Defendant argues that Plaintiff's claim fails because the undisputed facts show that Defendant would have written the disciplinary report anyway because Plaintiff had disobeyed Defendant's orders to stop interfering with inmate placements.  *See* Mays v. Springborn, 719 F.3d 631, 633 (7th Cir. 2013)(defendant has burden to rebut retaliatory inference with evidence that the "'defendant's conduct was not a necessary condition of the harm—harm would have occurred anyway.'")(quoted cite omitted).

The Court agrees with Plaintiff that the resolution of this issue belongs to the jury.  Plaintiff essentially admits that he went over Dewitt's head to correct the cell placement of another inmate, Plaintiff's Dep. p. 12, but there is evidence that Plaintiff did not break any rules in doing so.  Both charges were eventually expunged, which implies that the order given by Dewitt to stay out of the issue was an improper order.  The sincerity of Dewitt's proffered explanation is a factual dispute on this record.  *See* Harris v. Walls, 604 Fed. Appx. 518, 522 (7th Cir. 2015)(affirming summary judgment where the plaintiff had no evidence to challenge the sincerity of defendants' reason for disciplining him and the plaintiff had indisputably broken prison rules).  A rational jury could find

that Dewitt's proffered reason was a pretext for putting into motion events which Dewitt knew would cause Plaintiff's placement in segregation long enough for Plaintiff to lose his jobs.  A rational jury could also find for Defendant, but that only underscores that a jury is needed.

Defendant also quotes <u>Bridges v. Gilbert</u>, 557 F.3d 541, 555 (7th Cir. 2009), in which the Seventh Circuit stated, "a single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action."  That statement was premised upon the fact that no actionable injury was inflicted as a result of the disciplinary charge alone.  In this case, actionable injury was inflicted as a result of the disciplinary ticket: segregation and the loss of prison jobs.

Therefore, this case will go to trial on Plaintiff's claim in his amended complaint that DeWitt filed a disciplinary charge against Plaintiff in retaliation for Plaintiff's complaints to Lt. Ketcherside.

Plaintiff's amended complaint does not contain the claim against Dewitt regarding the alleged blocking of Plaintiff's reassignment as a peer educator after Plaintiff was released from segregation.  <u>Massey v. Helman</u>, 196 F.3d 727, 735 (7th Cir.1999)

("'When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . .'"). In any event, Plaintiff does not dispute Defendant's evidence that Warden Murray, who is not a defendant, was responsible for the nonreassignment. (Murray Aff. paras. 7-8; Dewitt Aff. paras. 5(d) & (e)). Summary judgment is, therefore, granted on this claim. However, Plaintiff argues that Defendant has not explained why Plaintiff was not reassigned as a lieutenant clerk, but the Court did not identify that as a claim or direct Defendant to address that issue.

    Plaintiff is advised that he will be unable to obtain compensatory damages for emotional pain because he suffered no physical injury. 42 U.S.C. 1997e(e). Plaintiff may seek punitive damages, but in the Court's experience, plaintiff's verdicts in these kinds of cases are exceedingly rare, much less an award of punitive damages. At the final pretrial conference, Magistrate Judge Schanzle-Haskins will explore the possibility of settlement.

    If settlement is not possible, the case will be tried. However, the Court's congested trial calendar makes it impossible to schedule the trial before May, and, even then, this trial will be continued if a

criminal trial needs to be scheduled to avoid speedy trial violations. Magistrate Judge Schanzle-Haskins will be able to conduct the trial sooner, if the parties consent to the exercise of his jurisdiction.

**IT IS ORDERED:**

(1) Defendants' renewed motion for summary judgment is granted in part and denied in part (62). Summary judgment is granted to Defendant Dewitt on Plaintiff's claim regarding the failure to reassign Plaintiff to the peer educator job after Plaintiff was released from segregation. Summary judgment is denied on Plaintiff's claim that DeWitt wrote the February 13, 2012, in retaliation for Plaintiff's complaints to Lieutenant Kitcherside.

(2) Plaintiff's motion for leave to file an amended complaint is granted (60).

(3) Plaintiff's motion to supplement the amended complaint with his signature is granted (61).

(4) A final pretrial conference is scheduled for January 22, 2016, at 9:00 a.m. before Magistrate Judge Schanzle-Haskins. (This Court has trials scheduled for the entire month of January.)

(5)  The jury selection and trial are scheduled for May 10-12, 2016 at 9:00 a.m.

(6)  The Court will send out proposed jury instructions before the final pretrial conference.

(7)  By January 4, 2016, the parties shall file: (1) an agreed, proposed final pretrial order; (2) motions in limine; (3) proposed *alternate or additional* instructions to the Court's instructions.  Each proposed instruction must be numbered and labeled additional or alternate (i.e., "Plaintiff's 1, alternate to Court's 15," "Defendant's 2, additional to Court's").

(8) Written responses to motions in limine are due January 8, 2016.

(9)  The clerk is directed to file the proposed amended complaint as the amended complaint with the completed signature page substituted for the blank signature page.

(10)   The clerk is directed to terminate Defendants Gipson and Saathoff.  Summary judgment was granted on the claims against these Defendants on January 26, 2015.

(11) The clerk is directed to send the parties a consent to magistrate form.

ENTERED: December 17, 2015

FOR THE COURT:

                          **s/Sue E. Myerscough**
                          SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE